IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KELLI WAYMACK**                                                              **PLAINTIFF**

**V.**                      **NO. 4:25-CV-00471 KGB-JTK**

**COMMISSIONER of**
**SOCIAL SECURITY ADMINISTRATION**                       **DEFENDANT**

### RECOMMENDED DISPOSITION

This Recommended Disposition ("Recommendation") has been sent to United States Chief District Judge Kristine G. Baker. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within fourteen (14) days of this Recommendation. If no objections are filed, Chief Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

**I. Introduction:**

On January 9, 2022, Kelli Waymack ("Waymack"), applied for Title II disability benefits. (Tr. at 21). In the application, she alleged that her disability began on December 22, 2020. *Id*. The application was denied initially and upon reconsideration. *Id*. After conducting a hearing, an Administrative Law Judge ("ALJ") found that Waymack was not disabled. (Tr. at 21-33). On March 28, 2025,

the Appeals Council declined to review the ALJ's decision. (Tr. at 1-6). Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Waymack has requested judicial review.

For the reasons stated below, this Court should reverse the ALJ's decision.

## II. The Commissioner's Decision:

The ALJ found that Waymack engaged in substantial gainful activity during the following periods: 2021 through March 31, 2022.[1] (Tr. at 23-25). The ALJ found that there has been a continuous 12-month period, during which Waymack did not engage in substantial gainful activity.[2] *Id*. The remaining findings of the ALJ address the period during which Waymack did not engage in substantial gainful activity. *Id*.

At Step Two, the ALJ found that Waymack has the following severe impairments: fibromyalgia, lumbar spondylosis, post-laminectomy syndrome,

---

[1] Waymack was 53 years old on the alleged onset date, which puts her in the "closely approaching advanced age" category. (Tr. at 33). She subsequently changed category to "advanced age" during the pendency of her claim. *Id*. She has at least a high school education. *Id*. These facts matter to the Court's findings below, which show that the ALJ erred.

The ALJ followed the required five-step sequence to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g), 416.920(a)-(g).

[2] 20 C.F.R. §§ 404.1520(b), 404.1571 *et seq*.

sacroiliitis, mild degenerative joint disease of the feet and hands, trigger finger, left wrist de Quervain's tenosynovitis, polyneuropathy, and migraine headaches. (Tr. at 24).

At Step Three, the ALJ found that Waymack's severe impairments did not meet or medically equal a listed impairment.[3] (Tr. at 26-27). Next, the ALJ determined that Waymack had the residual functional capacity ("RFC") to perform work at the sedentary exertional level,[4] with additional restrictions: (1) no climbing ladders, ropes, or scaffolds; (2) only occasionally climbing ramps and stairs; (3) only occasionally stooping, crouching, kneeling, and crawling; (4) only frequently handling and fingering bilaterally; (5) must avoid concentrated exposure to excessive vibration, unprotected heights, hazardous machinery, and loud noise defined as jackhammering type noise. (Tr. at 27).

At Step Four, the ALJ found that Waymack was capable of performing her past relevant work as a secretary, listed under Dictionary of Occupational Titles ("DOT") No. 201.362-030, which is sedentary job. (Tr. at 32). The ALJ made an alternative finding at Step Five: relying upon testimony from a Vocational Expert

---

[3] 20 C.F.R. Part 404, Subpt. P, Appendix 1, "Adult Listing of Impairments."

[4] Sedentary work involves mostly sitting, with only occasional walking and standing, and lifting of no more than 10 pounds at a time. 20 C.F.R. § 404.1567(a).

("VE"), the ALJ determined that, based on Waymack's RFC, age, education, and work experience, there are jobs that Waymack can perform in the national economy, such as receptionist and clerk. (Tr. at 32-33). Therefore, the ALJ concluded that Waymack was not disabled. *Id*.

III. **Discussion:**

    A. **Standard of Review**

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); see also 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

In clarifying the "substantial evidence" standard applicable to review of administrative decisions, the Supreme Court has explained: "And whatever the

4

meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'is more than a mere scintilla.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 59 S. Ct. 206, 217 (1938)). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*.

B. **Waymack's Arguments on Appeal**

Waymack contends that the evidence supporting the ALJ's decision to deny benefits is less than substantial. Specifically, she argues that: (1) the ALJ erred in relying on inaccurate VE testimony that Waymack's past relevant work was as a secretary, and that the ALJ's findings flowing therefrom were defective; and (2) the ALJ did not properly consider Waymack's migraine headaches. The Court finds support for Waymack's first argument, and it limits its discussion thereto.[5]

A. Step Four past relevant work[6]

At the Commissioner's initial and reconsideration levels of review, the

---

[5] *See Noerper v. Saul*, 964 F.3d 738, 741 (8th Cir. 2020) ("Although our detailed discussion is targeted, we have considered the claimant's arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations.")

[6] "At Step Four of the sequential evaluation process, we consider whether, given their RFC, the individual can perform any of their [past relevant work] either as the individual actually performed it or as the work is generally performed in the national economy." https://www.ssa.gov/OP_Home/rulings/di/02/SSR2024-02-di-02.html.

reviewing agents classified Waymack's past relevant work as Personal Property Assessor, DOT No. 191.367-010, performed at the light exertional level. (Tr. at 74, 85). This was consistent with the evidence Waymack provided describing her job duties (with myriad mental and physical requirements), at the Faulker County Assessor's office, a job she held for over 20 years. *Id.* At the hearing, Waymack testified in detail about the complexity of her duties as an Assessor, including physical requirements of light work, rather than merely sedentary work. (Tr. at 48-52).

However, at the hearing, the VE incorrectly, and critically, stated that Waymack's past work was that of a secretary, which is a sedentary job. (Tr. at 32). It is true that the VE stated that Waymack performed her past job at both the sedentary and light level, but the VE said that "depend[ed] on the time of year, or the day." (Tr. at 63). The VE did not explain what that meant. The ALJ should have inquired and gotten an explanation about what the VE meant, because this case turns on whether past work was performed at the sedentary or light level.

In his written decision, the ALJ also incorrectly classified Waymack's past relevant work as that of a secretary. (Tr. at 32). This error is not harmless, because Waymack's past work was performed at the light level, and the RFC was for sedentary work. Since the RFC only allowed for sedentary work, Waymack could

not perform her past relevant work as a Personal Property Assessor. While Defendant claims that this error was harmless because other sedentary jobs were identified at Step Five, the Court disagrees that this was harmless error. Due to Waymack's "advanced" age, she would be disabled based on the Medical-Vocational Guidelines (the "Grids") if she could not perform the past work as a Personal Property Assessor.[7] The analysis would have ended there, in a finding of disability.[8] The ALJ's errors, as well as his failure to fully explain his reasoning, warrant reversal.[9]

---

[7] The Grids are "fact-based generalizations about the availability of jobs for people of varying ages, educational backgrounds, and previous work experience, with differing degrees of exertional impairment." *Gray v. Apfel*, 192 F.3d 799, 802 (8th Cir. 1999). If a claimant meets all the criteria of a Grid Rule, she will "grid out," meaning she is disabled.

[8] Defendant argues that Waymack had transferable skills from her past work to the jobs identified as Step Five; the ALJ made that statement in his opinion without anything to back it up. (Doc. No. 10, n.4), (Tr. at 33). The Court is not convinced that Waymack had transferable skills. With no transferable skills, Waymack would be disabled based on Grid Rules 201.06 and 201.14. https://www.ssa.gov/OP_Home/cfr20/404/404-app-p02.htm.

[9] *Smajic v. Berryhill*, No. 4:17-CV-02474-SNLJ, 2019 U.S. Dist. LEXIS 6240, 2019 WL 183980 at *11-12 (E.D. Mo. Jan. 14, 2019) (ALJ failed to show his work).

## IV.  Conclusion:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ erred at Step Four.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further administrative review.

DATED this 15th day of October, 2025.

_____
UNITED STATES MAGISTRATE JUDGE